O. William FERGUSON, Sr.

v.

J. Clifford BROWN, D.C.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 11, 2008 Session.

Oct. 21, 2008.

Permission to Appeal Denied by
Supreme Court April 27, 2009.

Thomas F. Bloom and Niles S. Nimmo, Nashville, Tennessee, for the appellant, O. William Ferguson.

John F. Floyd and Mandy Langford, Nashville, Tennessee, for the appellee, J. Clifford Brown.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

The dispositive issue on appeal is whether the trial court abused its discretion by applying an incorrect legal standard in denying Plaintiff's motion to set aside an order summarily dismissing his Complaint. Plaintiff filed this action against his chiropractor alleging injuries due to a violation of the appropriate standard of care. Defendant filed a Motion for Summary Judgment based upon Plaintiff's failure to support the allegations with expert medical testimony. Plaintiff failed to file a written response to the motion or appear at the hearing on the motion and, as a consequence, the trial court summarily dismissed the Complaint. Twenty-nine days after the order was entered, Plaintiff filed a motion pursuant to Tenn. R. Civ. P. 60.02(1) to set aside the order due to his attorney's excusable neglect. An affidavit of the attorney filed in support of the motion stated that the attorney's failure to file a response and attend the hearing were due to his failure to calendar the pertinent dates when the motion was received, which omission was due to the fact he was attending to significant personal and legal needs of his brother who was suffering from a life-threatening condition. The trial court denied the motion to set aside on the ground of prejudice to Defendant. We have determined the trial court's decision to deny the motion to set aside was based on its application of an incorrect legal standard. Applying the legal standard set forth in *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group*, 56 S.W.3d 557, 567 (Tenn.Ct.App.2001), we have determined the omissions of Plaintiff's attorney constitute excusable neglect and, therefore, the motion to set aside the order of summary judgment should have been granted.

In February of 2005, O. William Ferguson, Sr., (Plaintiff) injured his lower back

while moving a stove unit. When the pain and discomfort failed to subside after three weeks, he went to the office of J. Clifford Brown, D.C., (Defendant) for treatment. Upon his arrival at Defendant's office, Plaintiff completed a "Chiropractic Life Center Case History" form wherein Plaintiff disclosed that he had surgery on his cervical spine, C5, fifteen years prior. While discussing his situation with Defendant, Plaintiff also revealed another previous procedure, an anterior cervical discectomy, fifteen years prior. During that initial visit, Defendant took an x-ray of Plaintiff's lower back. Defendant began treating Plaintiff for his lower back pain and discomfort.

Defendant continued to treat Plaintiff in his chiropractic office for another three sessions. On March 1, 2005, Plaintiff reported that his lower back pain was much better. However, on that date, Plaintiff informed Defendant that pain in his neck began a short time earlier. Defendant proceeded to treat Plaintiff's neck with ultrasound therapy.

Again on March 8, 2005, Defendant performed chiropractic treatment on the neck in the form of ultrasound therapy. At this visit, Plaintiff contends that a loud snap or cracking noise in the neck occurred during the treatment. When the pain in the neck continued, Plaintiff sought the opinion and treatment of a neurological surgeon. Diagnostic tests performed by the neurological surgeon showed a large disc rupture at C6–C7. In order to correct this injury, the surgeon performed an anterior cervical discectomy and fusion on the Plaintiff at Skyline Medical Center on April 15, 2005.

On March 1, 2006, Plaintiff filed this action against Defendant in the Circuit Court of Sumner County, Tennessee. In the Complaint, Plaintiff alleged: (1) that he sought medical treatment from Defendant for back and neck pain; (2) that the

Defendant acted negligently and failed to meet the applicable standard of chiropractic care in Sumner County during the overall treatment rendered, and in particular the manipulation of Plaintiff's neck; and (3) that Defendant's negligent treatment caused Plaintiff to suffer painful and permanent injury. For those injuries, Plaintiff demanded compensatory damages in the amount of $1,000,000.00 and other general relief. On April 10, 2006, Defendant filed a timely answer denying all liability in the action.

For approximately seventeen months, little action occurred in the case. On July 30, 2007, Defendant filed a Motion for Summary Judgment, contending he was entitled to summary judgment due to Plaintiff's failure to support the allegations in the Complaint with expert medical proof. To support his motion, Defendant filed his own affidavit with the court. The motion included a notice that the motion would be heard on September 5, 2007 at 8:00 a.m. Plaintiff did not file a response to the motion and did not appear at the hearing. On September 25, 2007, the trial court entered an order granting Defendant's Motion for Summary Judgment.

Twenty-nine days after the order was entered, Plaintiff filed a motion to set aside the order granting summary judgment pursuant to Tenn. R. Civ. P. 60.02(1) on the grounds of mistake, inadvertence, surprise or excusable neglect of Plaintiff's counsel, Niles S. Nimmo ("Mr. Nimmo"). In support of the motion, Plaintiff submitted the affidavit of Mr. Nimmo. Defendant filed a timely response in opposition to Plaintiff's motion to set aside; however, Defendant's response was not supported by an affidavit or other evidence.

In his affidavit, Mr. Nimmo does not dispute the fact that his office received the motion from Defendant on July 30, 2007, that he failed to file a response on behalf

of his client to the Motion for Summary Judgment, and that he failed to appear at the hearing on September 5, 2007. Nevertheless, Plaintiff contends Mr. Nimmo's omissions were due to excusable neglect for the following reasons.

While on a two-week vacation in July of 2007, Mr. Nimmo was informed that his brother, and law partner, was diagnosed with cancer. Upon returning to his office on July 30, 2007, he admittedly read the Motion for Summary Judgment, which included a notice of the date of the hearing; however, he failed to enter the date of the hearing on either his personal calendar or the "tickler" system on his computer. This omission, Mr. Nimmo explained, was highly irregular because, to his recollection, he had never failed to attend a hearing or file a necessary pleading in his legal career, which spans 34 years.

Mr. Nimmo's affidavit provides specific details to support the assertion that the failure to file a written response or to attend the hearing constituted excusable neglect. During the third week of August 2007, Mr. Nimmo accompanied his ailing brother to Vanderbilt University Medical Center where the medical staff performed a biopsy on his brother's chest tumor. His brother received the biopsy results during the last week of August 2007, and the doctors recommended that he undergo a radical surgery to remove the tumor and surrounding bone, muscle and tissue. The surgery was scheduled for September 6, 2007.

Having been informed that his brother's chances of recovery from the radical surgery appeared slight, Mr. Nimmo spent most of his time leading up to the surgery either attending to his brother or preparing advance directives,[1] a will, and other legal documents for his brother. On September 6, 2007, his brother underwent a ten-hour operation to remove the tumor, after which he remained in a coma for a substantial period of time and in intensive care for several days.

Although he failed to calendar the date of the hearing, four days after receiving Defendant's Motion for Summary Judgment, Mr. Nimmo mailed copies of the depositions and medical records to Plaintiff's expert witness, Dr. Matthew Lester. In a telephone conversation on August 9, 2007, Dr. Lester agreed to provide an affidavit. On August 14, 2007, Mr. Nimmo mailed a draft of a suggested affidavit to Dr. Lester, which was prepared based on their earlier conversations. On that same day, Mr. Nimmo mailed a letter to Defendant's counsel requesting responses to discovery requests dated March 7, 2007. Two days later, after speaking with Dr. Lester, Mr. Nimmo mailed a revised affidavit to Dr. Lester. Mr. Nimmo also subsequently telephoned Dr. Lester's office and mailed a letter requesting that Dr. Lester execute and return the affidavit as soon as possible.

On September 5, 2007, the day before his brother's operation, Mr. Nimmo received word from Dr. Lester's office staff that the revised affidavit had been misplaced. The next day, Dr. Lester executed the affidavit and mailed it to Mr. Nimmo, who received the signed affidavit on September 10, 2007; however, Mr. Nimmo had already received the order granting summary judgment on September 7, 2007.

Although Defendant vigorously opposed Plaintiff's motion, the evidence presented by Plaintiff, as set forth in the affidavit of Mr. Nimmo, was not refuted by an oppos-

---

1. Among other duties, Mr. Nimmo was designated as his brother's Agent for all health care decisions.

ing affidavit of Defendant. Instead, Defendant generally asserted that Plaintiff had failed to establish that he was entitled to relief from the order granting summary judgment. Further, Defendant asserted that Plaintiff's motion was improper because he was seeking Rule 60.02 relief from an order that was not final and that the proper motion would have been pursuant to Rule 59.04. Nevertheless, Defendant insisted that Plaintiff had failed to establish that he was entitled to relief under either rule.

The trial court conducted a hearing on Plaintiff's motion to set aside the order granting summary judgment on October 24, 2007. Following the hearing, the trial court took the matter under advisement. The next day the trial court entered an order denying the motion, stating in pertinent part:

> Defendant has been prejudiced by the delay. Defendant has incurred attorneys fees and costs in preparation of the summary judgment and appearance for hearing and now having to prepare and appear for an additional hearing on the motion to alter. The Court takes note the counsel for Defendant has step by step fully complied with rules of procedure and law. The Defendant personally has been under this contingent liability since at least March 2006 if not before.
>
> In weighing the actions of counsel for Plaintiff and the effects upon the Defendant, Plaintiff's Motion is denied.

The Order denying the Motion to Set Aside the Order of Dismissal was entered on October 25, 2007. This appeal followed.

## STANDARD OF REVIEW

Appellate courts review decisions dealing with Tenn. R. Civ. P. 59.04 and Tenn. R. Civ. P. 60.02 under an abuse of discretion standard since these requests for re-

lief are "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn.Ct.App.1997); *accord Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn.1993). An appellate court is not permitted to substitute its judgment for that of the trial court under an abuse of discretion standard. *Henry*, 104 S.W.3d at 479; *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn.2001). Only when a trial court has "applied an incorrect legal standard, or reached a decision which *is against logic or reasoning that caused an injustice to the party complaining*" is the trial court found to have abused its discretion. *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn.2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn.1997)).

## ANALYSIS

Defendant presents two issues on appeal: (1) whether the motion to set aside the order granting summary judgment should be analyzed under Tenn. R. Civ. P. 59.04 or Tenn. R. Civ. P. 60.02; and (2) whether the trial court abused its discretion by applying the wrong legal standard in denying Plaintiff's motion.

The Tennessee Rules of Civil Procedure "were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading." *Branch v. Warren*, 527 S.W.2d 89, 91 (Tenn.1975). The movement away from the harsh and technical rules is evident from reading the first rule, which expressly states that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Tenn. R. Civ. P. 1. Most significant to the issue at hand is Rule 8, which states that "[n]o technical forms of *pleading or motions* are required," Tenn. R. Civ. P. 8.05(1) (emphasis added), and that "[a]ll

pleadings shall be so construed as to do substantial justice." Tenn. R. Civ. P. 8.06; *see Anderson v. DTB Corp.*, No. 89–172–11, 1990 WL 33380, at *2 (Tenn.Ct.App. Mar.28, 1990) (stating the Tennessee Rules of Civil Procedure "do not require and, in fact, admonish courts against exalting form over substance").

 Our courts are not bound by titles. *Estate of Doyle v. Hunt*, 60 S.W.3d 838, 842 (Tenn.Ct.App.2001); *see Bemis Co., Inc. v. Hines*, 585 S.W.2d 574, 576 (Tenn.1979); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn.Ct.App.1977). To the contrary, "a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn.1995) (citing *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn.1983); *State v. Minimum Salary Dep't of A.M.E. Church*, 477 S.W.2d 11, 12 (Tenn.1972)). This principle of construction applies to motions as well as pleadings. *Anderson*, 1990 WL 33380, at *2. Accordingly, to give effect to the substance of the motion according to the relief sought, we will review the issue based on the applicable legal standard, regardless of the rule referenced by Plaintiff in his motion. *Estate of Doyle*, 60 S.W.3d at 842 (citing *Norton v. Everhart*, 895 S.W.2d 317 (Tenn.1995); *Fann v. City of Fairview*, 905 S.W.2d 167 (Tenn.Ct.App.1994); 20 Tenn. Jur. *Pleading* § 9 (1997)).

 It is undisputed that Plaintiff was seeking relief from the order of summary judgment due to counsel's mistake, inadvertence or excusable neglect. Rule 59.04

and Rule 60.02(1) each provide a vehicle for seeking relief from orders entered as a result of "mistake, inadvertence, or excusable neglect" by a party's counsel.[2] *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977); *Henson v. Diehl Machs., Inc.*, 674 S.W.2d 307, 310 (Tenn.Ct.App.1984). Rule 59.04 allows a party to seek relief from a judgment within thirty days after being entered; conversely, Rule 60.02 affords a party a means to seek relief from a final, non-appealable judgment. *Campbell*, 555 S.W.2d at 112. When Plaintiff's motion was received and filed by the clerk's office, the judgment was not yet a final, non-appealable judgment. Accordingly, Rule 59.04 is the applicable rule.

A party may obtain relief pursuant to Rule 59.04 from an order entered as a result of mistake, inadvertence, or excusable neglect by a party's counsel notwithstanding the fact the party erroneously stated in its motion that it was seeking relief pursuant to Rule 60.02(1). *See Campbell*, 555 S.W.2d at 112; *Henson*, 674 S.W.2d at 310. Such was the case in *Campbell* and *Henson*, wherein this court determined that motions that were incorrectly denominated as being filed pursuant to Rules 55.02 and 60.02(1), respectively, would be treated as motions filed pursuant to Rule 59.04. In *Campbell*, the court held that plaintiffs were "entitled to relief under Rule 59, Tennessee Rules of Civil Procedure, and that resort need not be had to Rule 60.02, upon which they rely."[3] *Campbell*, 555 S.W.2d at 112. In *Henson*, the court stated, "We note the motion to set aside the default judgment was filed and served within thirty days of the entry

---

**2.** A party may seek relief from a default judgment pursuant to Tenn. R. Civ. P. 55.02. *See Henry v. Goins*, 104 S.W.3d 475, 480–81 (Tenn.2003), for a discussion of the three factors to be considered when a party seeks relief from a default judgment pursuant to Rule 55.02.

**3.** Tenn. R. Civ. P. 55.02 expressly provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

of the judgment, and it should be deemed a motion for a new trial under Tenn. R. Civ. P. 59 which can afford relief from a judgment because of mistake, inadvertence, surprise or excusable neglect." *Henson,* 674 S.W.2d at 310. We will therefore consider Plaintiff's motion as a Rule 59.04 motion for relief from an order that resulted from counsel's mistake, inadvertence, or excusable neglect.

Not all negligence can be indulged for to do that "would read out of the excusable neglect principle the requirement that the neglect must first be found excusable." *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group,* 56 S.W.3d 557, 567 (Tenn.Ct.App. 2001). An attorney's mere oversight or negligence, without more, does not automatically amount to excusable neglect. *Madu v. Madu,* No. M1999–02302–COA–R3–CV, 2000 WL 1586461, at *4 (Tenn.Ct. App. Oct.25, 2000) (citing *State ex. rel. Jones v. Looper,* No. M1999–00662–COA–R3–CV, 2000 WL 354404, at * 13 (Tenn.Ct. App. April 7, 2000); *Barber & McMurry, Inc. v. Top–Flite Dev. Corp.,* 720 S.W.2d 469, 471 (Tenn.Ct.App.1986)). In determining whether excusable neglect existed on behalf of the moving party, "the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise, or neglect." *Tennessee Dep't of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn.1985) (quoting *Tennessee State Bank v. Lay,* 609 S.W.2d 525, 527 (Tenn. Ct.App.1980)).

Excusable neglect may have causes ranging from forces beyond a party's control to forces within its control. *Sizemore,* 56 S.W.3d at 567. "It may encompass simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id. (quoting Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Accordingly, excusable neglect may apply to certain situations in which failure to comply with a filing deadline is attributable to that party's negligence. *Id.* (citing *Pioneer Inv. Servs. Co.,* 507 U.S. at 394, 113 S.Ct. 1489; *Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir.1996)).

Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *Dubuc v. Green Oak Township,* 958 F.Supp. 1231, 1241 (E.D.Mich. 1997)). The relevant circumstances envelop the big picture of both causes and effects, including:

> (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith. These circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case.

*Id.* (internal citations omitted). As the court did in *Sizemore,* we will consider how each of these circumstances applies to the present case.

The first circumstance to be considered is "the danger of prejudice to the party opposing the late filing." *Sizemore,* 56 S.W.3d at 567. Mere delay, or the fact a party has already incurred costs in the prosecution or defense of an action does not constitute prejudice, *Sizemore,* 56 S.W.3d at 568, and simply having to proceed to trial does not constitute prejudice. *Henry v. Goins,* 104 S.W.3d 475, 482

(Tenn.2003) (citing *Barbee*, 689 S.W.2d at 867; *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn.Ct.App.1991)). As the court explained in *Sizemore*, "prejudice connotes unmerited, *substantive harm* to the opposing litigant." *Id.* (citing generally Bryan A. Garner, *A Dictionary of Modern Legal Usage* 429 (1987))(emphasis added).

The *Sizemore* court went into an in-depth analysis of what constitutes prejudice for purposes of determining whether a party's neglect was excusable. In that matter, a third-party claimant had not timely filed notice of his claim in a rehabilitation or liquidation proceeding as required by Tenn.Code Ann. § 56–9–326. *Id.* at 559–60. In its analysis of the prejudice, the *Sizemore* court explained:

> A court may find prejudice where one side has been harmed by *loss of opportunity to present some material aspect of its case. State v. Burns*, 6 S.W.3d 453, 463 (Tenn.1999); *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn.Ct.App.1995). Prejudice also encompasses other types of harm to parties, such as the expenditure of money or similar *detrimental changes of position by one side in reliance on the action or inaction of the other. Archer v. Archer*, 907 S.W.2d at 416. In evaluating whether to allow an untimely filing to be effective, courts may also find prejudice to the non-requesting party where allowing the filing would burden the non-requesting party with more pre-trial discovery, additional trial preparation, and added expense, particularly when only a limited time remains for more gearing up. *TXG Intrastate Pipeline v. Grossnickle*, 716 So.2d 991, 1011 (Miss.1997).

*Id.* at 568 (emphasis added). The court in *Sizemore* found that the receiver had "provided us with few specifics regarding how he would be prejudiced by being required to consider Dr. Dave's late claim."

As that court explained, "because the receiver came forward with no specific arguments demonstrating how he would be prejudiced by being required to administer Dr. Dave's claim, we decline to find that the receiver will be materially prejudiced by being required to accept and process Dr. Dave's claim." *Id.*

 Like the receiver in *Sizemore*, Defendant has not provided any specifics regarding how he would be prejudiced by being required to reset for hearing his Motion for Summary Judgment. With no affidavit in opposition to Plaintiff's motion to set aside the order granting summary judgment, there is no evidence upon which to base a finding that Defendant lost an opportunity to present some material aspect of his case or that Defendant has suffered any detrimental change to his position in reliance on the omissions of Plaintiff's counsel. Consequently, Defendant has not been prejudiced, as that term is applied in the context of a Rule 59.04 analysis, by the failure of Plaintiff's counsel to calendar the Motion for Summary Judgment.

The second circumstance is the length of the delay and its potential impact on proceedings. Admittedly, there has been a substantial delay due to this appeal; however, the delay caused by an appeal is not relevant to this analysis. The relevant circumstance to have been considered was whether a substantial delay would have resulted had Plaintiff's motion been granted on October 24, 2007, the date the motion was heard. There would not have been a substantial delay in the proceedings had Plaintiff's motion to set aside been granted on October 24, 2007. There would have been a slight delay, a matter of a few weeks, to afford the parties the opportunity to file a response and a reply, and a hearing on Defendant's Motion for Summary Judgment could have been conducted

soon thereafter. Accordingly, this factor weighs in favor of a finding of excusable neglect.

The third circumstance to be considered is why Plaintiff's counsel failed to file a response and failed to appear at the hearing on the Motion for Summary Judgment. Both of these circumstances were within the reasonable control of Plaintiff's counsel. Thus, this factor weighs against a finding of excusable neglect.

The fourth circumstance is the issue of good faith or bad faith in failing to file the timely response and to appear at the hearing on the motion. Plaintiff submitted a detailed affidavit of Mr. Nimmo. It is undisputed that Mr. Nimmo was dealing with his brother's serious, life-threatening illness at all times material to this issue. In his 34 years of practice, Mr. Nimmo has an exemplary record for meeting deadlines and making court appearances. Moreover, Mr. Nimmo stated that he would have timely filed the response to the Motion for Summary Judgment had it not been for distractions arising from his brother's life-threatening illness. This fact was not refuted and there is no evidence of bad faith, only evidence of an inadvertent omission, counsel's failure to file a timely response or to attend the hearing on the motion. Thus, this factor weighs in favor of a finding of excusable neglect.

The record indicates that the trial court considered only one of the four relevant circumstances, that of prejudice. The record also indicates that the trial court's finding of prejudice was not based upon the correct legal standard, such as whether Defendant lost an opportunity to present some material aspect of his case or wheth-er Defendant suffered any detrimental change to his position in reliance on the omissions of Plaintiff's counsel. The record contains no evidence upon which to base a finding that Defendant lost an opportunity to present some material aspect of his case or that Defendant suffered any detrimental change to his position in reliance on the omissions of Plaintiff's counsel. Accordingly, Defendant has not been prejudiced by the omissions of Plaintiff's counsel. *See Sizemore,* 56 S.W.3d at 567; *Burns,* 6 S.W.3d at 463; *Archer,* 907 S.W.2d at 416.

The errors and omissions of Plaintiff's counsel emanate from one oversight, his failure to calendar, at the time he received the Motion for Summary Judgment, the date the response was due and the date of the hearing. The omissions were due to a serious, life threatening family situation. Admittedly, Plaintiff's counsel was negligent in failing to calendar the important dates and Defendant was indeed inconvenienced; however, Defendant was not prejudiced by these omissions and the potential impact on the proceedings would have been negligible had the motion to set aside the order of summary judgment been granted on October 25, 2007. Moreover, although the failure of Plaintiff's counsel to file a written response to the motion and to attend the hearing was within his control, his omissions were not the result of bad faith. After weighing the four relevant circumstances, we have determined that the omissions of Plaintiff's counsel were the result of excusable neglect and as a consequence, Plaintiff's motion to set aside the order granting Defendant summary judgment should have be granted.[4]

---

4. Defendant also contends the order for summary judgment should not be set aside because the affidavit of Dr. Lester is insufficient to rebut the affidavit of Defendant. This is a factor to be considered when a party seeks relief pursuant to Tenn. R. Civ. P. 55.02 from a default judgment. *See Henry v. Goins,* 104 S.W.3d 475, 480–81 (Tenn.2003). The matter at issue here did not arise from a Rule 55 motion to set aside a default judgment, and

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. On remand, Plaintiff should be afforded thirty days within which to supplement his responses to Defendant's Motion for Summary Judgment and Statement of Undisputed Facts, and to submit affidavits in support of his responses. Thereafter, the trial court should conduct a hearing to decide the merits of Defendant's Motion for Summary Judgment. Costs of appeal are assessed against the defendant, J. Clifford Brown, D.C.

the trial court did not consider Dr. Lester's affidavit, or the merits of the motion for summary judgment. The only issue considered by the trial court was whether the order should be set aside due to excusable neglect, which we have addressed, and we decline to consider an issue the trial court did not consider especially since that issue can be considered by the trial court on remand. Therefore, the decision on the merits of Defendant's motion for summary judgment is left to the trial court.