# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs May 17, 2010

## CHRISTINE GREENWOOD v. KIRBY FAMILY DENTISTRY, P.C., ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-001306-08    Jerry Stokes, Judge

### No. W2009-01384-COA-R3-CV - Filed June 7, 2010

The trial court granted Defendants' motion for summary judgment in this action for dental malpractice. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Christine Greenwood, *Pro Se*.

Chad D. Graddy, Memphis, Tennessee, for the appellees, Kirby Family Dentistry, P.C., and M. Sayed Taghavi, D.D.S.

## MEMORANDUM OPINION[1]

This appeal arises from the trial court's award of summary judgment to Defendants in an action alleging dental malpractice filed by *pro se* Plaintiff Christine Greenwood (Ms. Greenwood) in the Circuit Court for Shelby County on March 14, 2008. In her March 2008 complaint, Ms. Greenwood asserted Defendant M. Sayed Taghavi, D.D.S (Dr. Taghavi), who

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

practices with Defendant Kirby Family Dentistry, P. C. ("Kirby Dentistry; collectively, "Defendants") was liable for damages arising from dental malpractice where Dr. Taghavi failed to provide her with correctly fitted dentures after extracting ten teeth. Ms. Greenwood asserted that Dr. Taghavi had assured her that her dentures would be installed immediately following the extraction of her teeth; that the teeth were extracted on January 19, 2007; and that the dentures which had been prepared were determined to be four sizes too large. Ms. Greenwood further asserted that she visited Dr. Taghavi's office three to four times a week between January 19 and March 15, 2007, in order to obtain properly fitting dentures; that she was fitted with a second pair of dentures on March 7, 2007; and that the second dentures also were too large. She alleged that Dr. Taghavi was guilty of negligence where she had assured Ms. Greenwood that the process would take no more than 7 to 10 days; that the extraction of her teeth would be followed by the immediate placement of properly fitting dentures; and that she would not be left without teeth. Although not stated in Ms. Greenwood's complaint, it appears to be undisputed that Ms. Greenwood was fitted with dentures that met her satisfaction when fitted on March 15, 2007. In her complaint, Ms. Greenwood asserted that, as a direct and proximate cause of Defendants' negligence, she had suffered damages including severe pain, mental anguish and suffering, lost income and earning capacity, medical expenses, lost enjoyment of life, and future medical expenses. She prayed for damages in the amount of $550,000 and demanded a trial by jury.

Dr. Taghavi answered on April 17, 2008, denying Ms. Greenwood's allegations of negligence. Kirby Dentistry answered on May 20, 2008, denying any allegations of negligence against its employees or itself. On October 16, 2008, Defendants jointly moved for summary judgment, asserting that there were no genuine issues of material fact; that they did not commit malpractice in their treatment of Ms. Greenwood; and that Ms. Greenwood had failed to identify an expert who would testify that they had committed malpractice. Defendants attached a statement of undisputed facts and the expert affidavits of Dr. Taghavi and Kenneth O. King, D.D.S. (Dr. King) in support of their motion.

On November 18, 2008, Ms. Greenwood moved the trial court to continue the matter and to reset the hearing of Defendants' motion which was set to be heard on November 21, 2008. She moved the court to reset the hearing "to a date anytime between December 15, 2008 and January 2, 2009." Although the record before us does not contain the trial court's order, the trial court apparently granted the continuance and on December 5, 2008, Ms. Greenwood filed a response in opposition to Defendants' motion for summary judgment. The matter was reset for January 23, 2009, and on January 22, 2009, Ms. Greenwood filed a motion for leave to file an expert affidavit out of time. In her motion, Ms. Greenwood emphasized that she was not seeking a continuance of the hearing scheduled for January 23 on Defendants' motion, but that she was "asking the [c]ourt to delay its review and consideration of the motion, for about ten (10) days, to allow Greenwood's expert to review

the records, render his opinion and his affidavit is filed to be considered as part of the 1/23/2009 hearing record[.]" She attached a biographical summary of Dr. F. John Firriolo (Dr. Firriolo) to her motion. On January 23, 2009, Ms. Greenwood filed a "counter-affidavit" in opposition to Dr. Taghavi's affidavit.

Following appearances before the court on January 23, 2009, on January 30 the trial court entered an order continuing the matter. The trial court granted Ms. Greenwood until 5:00 PM, February 20, 2009 "to file with the [c]ourt and serve on Defendants' counsel any affidavit or memorandum in opposition to Defendants' Motion for Summary Judgment." The trial court stated, "Defendants will be allowed to place that Motion on this [c]ourt's February 27, 2009 hearing calendar." On February 27, 2009, Ms. Greenwood filed a motion to compel discovery, asserting that her expert was unable to review the x-rays that Defendants had provided because they were of poor quality. Ms. Greenwood attached a letter sent to her by Dr. Firriolo dated February 18, 2009. In his letter, Dr. Firriolo stated that he was unable to render an opinion as to whether Dr. Taghavi breached the standard of care in her treatment of Ms. Greenwood. When the matter was heard as scheduled on February 27, 2009, Ms. Greenwood again requested additional time to allow her expert to review an x-ray that she contended had not previously been provided to her and, if necessary, to retain a new expert. The trial court granted her request, and continued the matter until March 27, 2009.

On March 10, 2009, Ms. Greenwood filed a corrected, renewed motion to compel discovery. In her motion, she moved the court to compel Defendants to produce the original x-ray which was part of her dental file, and asserted that the copy which was provided on February 27 appeared to "have been altered to mask appearance [of] the captured image." Ms. Greenwood stated that the radiologist who had reviewed the x-ray stated that it was a double exposure and may have been tampered with. She prayed the court to order Defendants to provide the original x-ray. Defendants apparently were served with Ms. Greenwoods' motion on March 9, and they responded to it by opposition entered in the trial court on March 24, 2009. In their response, Defendants asserted that they had sent Ms. Greenwood another copy of the x-ray via FedEx Delivery immediately upon receiving her motion. They further stated that they had offered to send the original x-ray to the x-ray copy service of Ms. Greenwood's choice, or to personally meet her with the x-ray at the copy service of her choice. Defendants asserted that Ms. Greenwood had not responded to their offer and that she had not filed any opposition in response to their motion for summary judgment on March 20, 2009, as ordered by the trial court. Ms. Greenwood renewed her demand for the original x-ray and moved for sanctions.

The parties came before the trial court on March 27, 2009. The trial court denied Ms. Greenwood's motion to compel Defendants to deliver the original x-ray and denied her

motion for sanctions. The trial court ordered Defendants' counsel to contact Dr. Taghavi to determine the number of x-rays in existence and ordered that someone from Defendants' counsel's office "shall meet Plaintiff at [a copying service] at an agreeable date and time the week of March 30, 2009" to copy the original x-rays. At the March 27 hearing, the trial court addressed Ms. Greenwood and Chad Graddy (Mr. Graddy), counsel for Defendants, stating:

> I'm going to continue your motion [for summary judgment], yet again, Mr. Graddy. Ms. Greenwood, I'm going to give you three weeks on this, and next week I want you to make yourself available. Mr. Graddy, I want you to make yourself available, contact Ms. Greenwood, find a place, and, ma'am, I need you to find out the place you want to meet him with the original to have it copied. Three weeks from today, I will hear your motion.

The trial court entered an order confirming its ruling on April 3, 2009. In its April 3 order, the trial court set Defendants' motion for summary judgment to be heard on April 17, 2009.

Ms. Greenwood filed a motion styled "Supplemental Response by Plaintiff in Opposition to the Defendants' Motion for Summary Judgment, and for Leave to File Same" on April 17, 2009. Ms. Greenwood attached an affidavit of O. T. Sykes, D.D.S., (Dr. Sykes) who she proffered as an expert, to her motion. The trial court heard the matter as scheduled on April 17, 2009, and entered an order awarding summary judgment to Defendants on April 24, 2009. In its order, the trial court found that Ms. Greenwood "failed to produce testimony by a qualified expert which establishes the relevant recognized standard of care, that Defendants breached that standard of care, or that but for that violation of the standard of care, Plaintiff's injuries would not have occurred." Ms. Greenwood filed a motion to reconsider on April 17, and on May 8 filed affidavits of Dr. Sykes and Dr. Firrioli. The trial court treated Ms. Greenwood's motion as a motion to alter or amend under Tennessee Rule of Civil Procedure 59.04, and denied the motion by order entered June 22, 2009.

Ms. Greenwood filed a timely notice of appeal to this Court. In her brief, Ms. Greenwood asserts the trial court erred by not allowing her additional time to provide an expert affidavit and by denying her motion to reconsider. She argues that the trial court abused its discretion by hearing the matter on April 17, 2009, rather than three weeks after entry of its order on April 3, 2009, and by not considering her late-filed expert affidavits.

Upon review of the record, we must disagree with Ms. Greenwood that the trial court improperly heard the matter on April 17, 2009. Despite Ms. Greenwood's assertions to the contrary, the trial court's oral ruling at the March 27 hearing, and its written order memorializing that ruling, clearly and unambiguously set the matter to be finally heard three weeks following the March 27 hearing. We must also disagree with Ms. Greenwood that the

trial court erred by determining that, when the matter was heard, she had failed to provide expert testimony regarding the standard of care. The affidavit offered by Ms. Greenwood as an expert affidavit on April 17 stated only that Ms. Greenwood presented to Dr. Sykes' office with an ill fitting upper denture on April 9, 2009, and that it "appeared to be loosely fitting because of gum tissue shrinkage." Dr. Sykes original affidavit did not provide Dr. Sykes' credentials or place of practice or establish that he was, in fact, an "expert." It did not establish or address the standard of care, breach, or causation. We agree with the trial court that Ms. Greenwood simply failed to carry her burden to demonstrate by expert testimony that Defendants breached the standard of care in this case when the matter was heard on April 17, 2009.

We next turn to Ms. Greenwood's contention that the trial court erred by denying her motion to reconsider in light of the expert affidavits that she subsequently filed on May 8, 2009. We review the trial court's decision regarding a Tennessee Rules of Civil Procedure 59.04 motion under an abuse of discretion standard. *E.g., Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). In light of the record in this case, we cannot say the trial court abused its discretion by denying Ms. Greenwood's motion. The trial court granted Ms. Greenwood a number of continuances, and in January 2009 Ms. Greenwood specifically stated to the court that she was not seeking a continuance, but requested only an additional 10 days in which to file an expert affidavit. Ms. Greenwood simply failed to carry her burden in this case.

### *Holding*

In light of the forgoing, finding no abuse of discretion, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Christine Greenwood, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE