IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 9, 2015

IN RE MACEDONIA CEMETERY

Appeal from the Chancery Court for Clay County
No. 4053      Hon. Ronald Thurman, Chancellor

No. M2013-02169-COA-R3-CV – Filed January 15, 2015

This appeal involves a motion to set aside a declaratory judgment action involving a cemetery. Service to the community at large was made by publication. No answer, pleading, or response of any kind was filed within the time allowed by the court. Following a hearing, the trial court provided the Macedonia Cemetery Board of Trustees with the exclusive authority to oversee operation and maintenance of the cemetery. The respondents filed a motion to set aside the judgment, claiming they had not received notice of the hearing. The court denied the motion. The respondents appeal. We dismiss the appeal for failure to comply with Rule 27 of the Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals, as such the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;
Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and BRANDON O. GIBSON, J., joined.

Kelly R. Williams, Livingston, Tennessee, for the appellants, Mitchell Strode and Randy Strode.

Michael R. Giaimo, Cookeville, Tennessee, for the appellee, the Macedonia Missionary Baptist Church.

**OPINION**

## I.      BACKGROUND

On November 8, 2012, the Macedonia Missionary Baptist Church ("the Church") filed a petition for declaratory relief in which the Church sought to determine the rights

and responsibilities of the Church and community regarding the Macedonia Cemetery ("the Cemetery") and to establish a trust to oversee and maintain the cemetery and set rules regarding its use. The Cemetery is adjacent to the Church and comprised of land that was deeded to the general public in 1967 and 1986 for use as a public cemetery.

Personal service of process was dispensed with in this case because the number and location of potential interested parties in the community at-large was unknown. Accordingly, the trial court ordered service of process by publication. The notice, dated May 8, 2013, provided as follows:

**NOTICE**

Please take notice that the Macedonia Missionary Baptist Church, has filed a petition in the Chancery Court for Clay County, Tennessee, Case No. 4053, to determine the rights and responsibilities of the church and community regarding the Macedonia Cemetery and to establish a trust to oversee and maintain the cemetery and set reasonable rules regarding its use.

That on the 15th day of April, 2013, Ronald Thurman, Chancellor, entered an order providing that notice shall be given for four (4) consecutive weeks in a newspaper in Clay County, Tennessee, and that any party wishing to file an answer or responsive pleading relative to the Macedonia Cemetery shall have thirty (30) days from the date of the final publication. Absent any person filing an answer or responsive pleading, the Court shall enter an order declaring the rights and manner of operation of the Macedonia Cemetery.

The notice appeared in the *Dale Hollow Horizon*, a weekly newspaper of general circulation in Clay County, on May 15, May 22, May 29, and June 5, 2013. Having received no answer or responsive pleading, the court entered an order on August 28, 2013, providing the Macedonia Cemetery Board of Trustees with the exclusive authority to oversee the operation and maintenance of the Cemetery.

On September 25, 2013, Mitchell Strode and Randy Charles Strode (collectively "Respondents") filed a notice of appeal. On October 9, 2013, Respondents filed a motion to set aside the declaratory judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure, a response to the petition for declaratory relief, and a counter-petition. Respondents alleged that the judgment should be set aside because it was entered by "surprise" when neither they nor other interested parties had received notice of the action. They also raised a myriad of issues regarding the current oversight of the Cemetery. This

court remanded the action to the trial court for consideration of the Rule 60 motion. Upon remand, the trial court denied the motion, finding that Respondents had failed to present any proof entitling them to relief. Our consideration of the appeal followed.

## II.   ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.   Whether the appeal should be dismissed for failure to comply with Rule 27 of the Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals.

B.   Whether the trial court erred in denying the motion to set aside the judgment.

## III.   STANDARD OF REVIEW

We review a trial court's award or denial of relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S .W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). Unless the trial court abused its discretion, its ruling on such motions may not be reversed on appeal. *Id.* A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

## IV.   DISCUSSION

### A. & B.

As a threshold issue, we must address the deficiencies in Respondents' brief. The Church claims that the appeal should be dismissed for failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals when Respondents presented a "mishmash of citation to documents filed with the [c]ourt, conclusory statements, and factual assertions without any citation." The Church asserts that Respondents failed to properly outline the issues for appeal and provide a statement of the applicable standard of review.

Rule 27(a) of the Tennessee Rules of Appellate Procedure sets forth the requirements for the content and form of an appellant's brief as follows:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

A. the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

B. for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Nonetheless, Rule 27(b)[1] provides that if an appellee deems the statement of the issues, statement of the case, statement of the facts, or the applicable standard of review provided in the brief unsatisfactory, then it is permissible for the appellee to provide such sections in his or her brief.

Rule 6 of the Rules of the Court of Appeals provides the following additional requirements:

(a)     Written argument in regard to each issue on appeal shall contain:

(1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)     No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded.  No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

---

[1] "Brief of the Appellee.  The brief of appellee and all other parties shall conform to the foregoing requirements, except that items (3), (4), (5) (6) and 7(B) of subdivision (a) of this rule need not be included except to the extent that the presentation by the appellant is deemed unsatisfactory.  If appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments involved in his request for relief as well as the answer to the brief of appellant."  Tenn. R. App. P. 27(b).

"[F]ailure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted). Here, Respondents failed to cite any portion of the record in the argument section of the brief, raised issues not properly before the court, and failed to identify the appropriate standard of review. Other than a cursory statement that the judgment was entered by surprise, Respondents failed to argue why they are entitled to relief from the judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. Respondents failed to even cite Rule 60 of the Tennessee Rules of Civil Procedure in the argument section of their brief. "[T]he failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Id.* Accordingly, we decline to address the issues raised and dismiss the appeal.

## V. CONCLUSION

This appeal is dismissed, and this case is remanded to the trial court for collection of costs assessed below. Costs of the appeal are taxed equally to the appellants, Mitchell Strode and Randy Strode, and their surety, if any, for which execution may issue, if necessary.

_____
JOHN W. McCLARTY, JUDGE