IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2018 Session

**DONALD BERGE ET AL. V. MARY GAIL ADAMS WARLICK ET AL.**

Appeal from the Circuit Court for Davidson County
No. 15C1435          Amanda Jane McClendon, Judge

_____

No. M2018-00767-COA-R3-CV
_____

In this legal malpractice lawsuit, the trial court granted summary judgment for the defendant after the plaintiffs' counsel failed to respond to the defendant's motion and appear at the hearing. Thereafter, the plaintiffs filed a motion to set aside the judgment, arguing their attorney's failure to respond was due to excusable neglect. The trial court denied the motion, and this appeal followed. We affirm the trial court's denial of the plaintiffs' motion to set aside because the plaintiffs failed to demonstrate that they had a meritorious defense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellants, Donald Berge, Martha Berge, and David Berge.[1]

Richard Glassman and Lauran Stimac, Memphis, Tennessee, for the appellee, Mary Gail Adams Warlick, as Personal Representative of the Estate of Daniel Davis Warlick.

**OPINION**

On May 30, 2014, Donald Berge, Martha Berge, and David Berge ("Plaintiffs") filed a complaint for legal malpractice against Daniel Davis Warlick in the Shelby

---

[1] Mr. Bloom did not represent Plaintiffs in the trial court; Plaintiffs' attorney in all of the trial court proceedings was Andrew B. Sanders of Memphis, Tennessee.

County Circuit Court. The complaint alleged that Mr. Warlick had negligently represented Plaintiffs in a 2013 lawsuit, *MarketGraphics Research Grp., Inc. v. Berge*, No. 3:13-CV-00001, 2014 WL 2155009, at *1 (M.D. Tenn. May 22, 2014), which resulted in an injunction that prevented Plaintiffs from operating their business in the Memphis area for a period of time and a judgment for over $300,000 against David Berge and three limited liability companies under Plaintiffs' control. Plaintiffs also alleged that the judgment forced them to file petitions for Chapter 7 Bankruptcy. In his answer, Mr. Warlick asserted numerous defenses, including that the *Marketgraphics* record contradicted several of Plaintiffs' allegations.

In July 2014, Mr. Warlick filed a motion to transfer the case to Davidson County on the ground that Davidson County was the proper venue due to the fact he resided and worked there. Six months later, and while the transfer motion was pending, Mr. Warlick filed a motion for partial summary judgment. Mr. Warlick claimed that he was entitled to partial summary judgment because the *Marketgraphics* record refuted several of Plaintiffs' allegations. In response, Plaintiffs admitted that some allegations were incorrect and filed a motion to amend their complaint.

In March 2015, Mr. Warlick struck his Motion for Partial Summary Judgment and the trial court granted his Motion to Transfer; however, the court did not rule on Plaintiffs' Motion to Amend.

The parties engaged in discovery from March 2015 to October 2016, after which the case lay dormant for nearly a year.

On September 7, 2017, Mr. Warlick filed his second Motion for Summary Judgment. On the same day, Mr. Warlick's attorney sent Plaintiffs' attorney a copy of the motion. The last page of the motion included a notice that the matter was scheduled to be heard on October 20, 2017. However, Plaintiffs' attorney did not respond.

On October 9, 2017—the day when Plaintiffs' response was due—Mr. Warlick's attorney sent a second copy of the Motion for Summary Judgment to Plaintiffs' attorney via electronic and U.S. Mail. The attached cover letter noted, again, that the matter was scheduled to be heard on October 20, 2017. Again, Plaintiffs' attorney did not respond.

On October 20, 2017, neither Plaintiffs nor their attorney appeared at the hearing. Later that day, Mr. Warlick's attorney e-mailed Plaintiffs' attorney a proposed order granting summary judgment. Once again, Plaintiffs' attorney did not respond.

On October 26, 2017, the court entered an order granting Mr. Warlick's Motion for Summary Judgment. The court found (1) Plaintiffs' deposition testimony explicitly refuted or essentially negated the complaint's allegations, and (2) Plaintiffs failed to produce evidence to establish a nexus between Mr. Warlick's alleged negligence and

Plaintiffs' alleged damages. On October 30, 2017, Mr. Warlick's attorney sent Plaintiffs' attorney a copy of the signed order via electronic and U.S. Mail; however, as before, Plaintiffs' attorney did not respond.

On November 16, 2017, Mr. Warlick passed away. Thereafter, his widow, Mary Gail Adams Warlick ("Defendant"), in her capacity as the personal representative of the estate of Mr. Warlick, was substituted as the defendant.

On November 22, 2017, twenty-eight days after the trial court entered its final order, Plaintiffs filed a "Motion to Set Aside" under Rule 59.04 of the Tennessee Rules of Civil Procedure.[2] The motion sought relief from the judgment due to excusable neglect. Accompanying the motion was the affidavit of Plaintiffs' attorney, in which he explained that he misplaced the motion and forgot to mark the hearing on his calendar.

On March 16, 2018, the court held a hearing on Plaintiffs' Motion to Set Aside. After hearing arguments from counsel, the court denied the motion. The court found significant the fact that, five months after the order was entered, Plaintiffs still had not filed a response to show that they had a valid defense to Defendant's Motion for Summary Judgment. A written order was entered on March 26, 2018. This appeal followed.

Plaintiffs raise one issue on appeal: whether the trial court abused its discretion in denying the motion to set aside.

## STANDARD OF REVIEW

"We review a trial court's award or denial of relief pursuant to Rules 59.04 or 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard." *Fillers v. Collins*, No. E2013-01210-COA-R3-CV, 2014 WL 631239, at *2 (Tenn. Ct. App. Feb. 18, 2014) (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008)). The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a lower court's decision from any meaningful appellate scrutiny. *Id.*

---

[2] The Motion to Set Aside was transmitted to the court clerk via facsimile on November 24, 2017, the Friday after Thanksgiving Day, but marked as filed on November 22, 2017.

Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

. . . [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a [trial] court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id.* at 524–25 (internal citations omitted).

Therefore, we shall review the trial court's decision to deny Plaintiffs' Motion to Set Aside to determine, where applicable, whether there is a factual basis for the decision in the record, whether the court properly identified and applied the applicable legal principles, and whether the decision is within the range of acceptable alternative dispositions. *Id.* at 524.

### ANALYSIS

Plaintiffs did not appeal the October 26, 2017 order granting summary judgment; thus, we are not reviewing the propriety of the decision to summarily dismiss Plaintiffs' claims. The issue on appeal is whether the trial court abused its discretion in denying the November 22, 2017 motion to set aside. Plaintiffs contend that the trial court abused its discretion because (1) Plaintiffs were not personally at fault for failing to respond or appear; (2) their attorney's failure to respond and appear was not the result of a "deliberate choice"; and (3) Defendant did not present sufficient evidence to show that setting aside the summary judgment would be prejudicial.

As an initial matter, we note that Plaintiffs filed their motion to set aside within thirty days of the entry of the final judgment; therefore, Tennessee Rule of Civil Procedure 59.04 applies. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.18 (Tenn.

- 4 -

2012) (stating that a motion seeking relief should be premised upon Rule 59 if filed within thirty days of a court's entry of final judgment, and upon Rule 60 if filed after that). The standard for setting aside a default judgment due to "excusable neglect" is as follows:

> [W]hen a party seeks relief from a default judgment due to "excusable neglect," whether pursuant to Rule 54.02 (for interlocutory judgments), Rule 59.04 (for final judgments within thirty days of entry), or Rule 60.02 (for final judgments more than thirty days after entry), a reviewing court must first determine whether the conduct precipitating the default was willful. If the court finds that the defaulting party has acted willfully, the judgment cannot be set aside on "excusable neglect" grounds, and the court need not consider the other factors. *If the conduct was not willful, however, then the court must consider whether the defaulting party has a meritorious defense and whether the non-defaulting party would be prejudiced by the granting of relief.* The court may also consider any other factor that it deems relevant.

*Id.* at 493–94 (emphasis added). We consider the same factors when the default judgment results from a party's failure to respond to a motion for summary judgment and appear at the hearing. *Howes v. Swanner*, No. M2016-01892-COA-R3-CV, 2017 WL 2192065, at *4 (Tenn. Ct. App. May 17, 2017).

The party seeking relief from a final judgment bears the burden of proof to show their entitlement to such relief. *Howes*, 2017 WL 2192065, at *3 (citing *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003)). Accordingly, we have affirmed a trial court's denial of a motion for relief when the party seeking relief failed to submit evidence of a meritorious defense. In *Howes v. Swanner*, the trial court granted the plaintiff's motion for summary judgment after the defendants' failed to file a response or appear at the hearing. 2017 WL 2192065, at *2. The defendants subsequently filed a motion for relief under Rule 60.02, asserting that they did not receive notice of the hearing. *Id*. at *3. The trial court denied the defendants' motion and we affirmed, finding, *inter alia*, that the defendants did not address the meritorious-defense and prejudice factors in their motion. *Id*. at *6.

Likewise, in *Ball v. Shockley*, No. W2009-01774-COA-R3-CV, 2010 WL 3984727 (Tenn. Ct. App. Oct. 12, 2010), the trial court granted the defendant's motion for summary judgment after the plaintiff's attorney failed to file a response and appear at the hearing. *Id*. at *1. The plaintiff retained a new attorney and filed a motion for relief under Rule 60.02. *Id.* In his motion, the plaintiff asserted there were "material facts and issues that Plaintiff was unable to properly place before the Court," and that "these material facts and issues will result in the Court denying summary judgment to the

Defendant." *Id*. at \*2. The trial court denied the motion, reasoning that it would still rule in favor of the defendant if the summary judgment were set aside and reargued. *Id*. We affirmed the trial court's decision because the motion included no description of the asserted "material facts and issues" and included no proof. *Id*. at \*6.

Here, Plaintiffs' motion for relief does not address the meritorious-defense factor. Although Plaintiffs referenced their 2015 motion to amend the complaint as setting out "amended allegations . . . which more accurately describe what Defendant did and did not do," that motion was never granted. Moreover, facts upon which Plaintiffs rely to establish a meritorious defense to the motion for summary judgment "must be admissible at the trial but need not be in admissible form as presented in the motion." *Byrd v. Hall*, 847 S.W.2d 208, 215–16 (Tenn. 1993). "To permit an opposition to be based on evidence that would not be admissible at trial would undermine the goal of the summary judgment process to prevent unnecessary trials since inadmissible evidence could not be used to support a jury verdict." *Id*. Plaintiffs' unverified, proposed First Amended Complaint does not contain admissible evidence. Thus, Plaintiffs submitted no evidence to show a meritorious defense to Defendant's motion for summary judgment.

For these reasons, we affirm the denial of Plaintiffs' Motion to Set Aside.[3]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Donald Berge, Martha Berge, and David Berge.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[3] Our decision makes it unnecessary to consider whether Mr. Sander's conduct was "willful" or whether setting aside the summary judgment would be prejudicial to Defendant.