IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2019 Session

## THE LAW OFFICE OF BRIAN T. BOYD v. DANIEL SILVERMAN

**Appeal from the Circuit Court for Davidson County**
**No. 18C2999          Kelvin D. Jones, Judge**

_____

### No. M2019-00412-COA-R3-CV

_____

Unsatisfied with the judgment it obtained in the general sessions court, the plaintiff appealed to the circuit court. When the plaintiff failed to file a timely motion to set its appeal for trial, the circuit court adopted the judgment of the general sessions court. The plaintiff moved to set aside the judgment, claiming excusable neglect. The court denied the motion. On appeal, the plaintiff argues that the court abused its discretion in denying the motion to set aside. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Brian T. Boyd, Bennett J. Wills, and R. Brenton Urick, Brentwood, Tennessee, for the appellant, Law Office of Brian T. Boyd, PLLC.

Daniel Silverman did not file a brief.

### MEMORANDUM OPINION[1]

### I.

In general sessions court, the Law Office of Brian T. Boyd sued Daniel Silverman for unpaid legal fees and expenses. The court awarded the law office a judgment, but for less than it requested.

_____

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

On November 29, 2018, the law office appealed to the Circuit Court for Davidson County. On January 18, 2019, the court entered a form order adopting the judgment of the general sessions court as its own because the law office failed to set the case for trial within the time required by local rule. Under Rule 20(b) of Local Rules of Practice of the Courts of Record of Davidson County, an appellant from a general sessions judgment has forty-five days from the date the appeal is perfected to secure an order setting a trial date.

On January 25, the law office first attempted to file a motion to set the case for trial. But the clerk's office rejected the filing due to the court's order adopting the general sessions judgment. The law office then moved to set aside the court's order.

The motion to set aside sought relief from the circuit court's order under Rules 59.04 and 60.02 of the Tennessee Rules of Civil Procedure. The motion explained that "[t]he one-week delay in filing the Motion to Set was due to a calendaring error at undersigned's office," which constituted excusable neglect. The law office did not offer any further explanation for its failure to comply with the local rule, and the motion was not supported by an affidavit.

Although the motion to set aside was unopposed, the circuit court denied the law firm relief. The court reasoned that "no good cause was shown in the motion."

## II.

On appeal, the law office argues that the circuit court abused its discretion in denying its motion to set aside. Because the law office sought relief within thirty days of the entry of the order adopting the judgment of the general sessions court, we conclude that the appropriate basis for seeking relief was under Tennessee Rule of Civil Procedure 59.04, rather than Rule 60.02. *Discover Bank v. Morgan*, 363 S.W.3d 479, 488-89 (Tenn. 2012). But whether the analysis is under Rule 59.04 or Rule 60.02, we review the trial court's decision under an abuse of discretion standard. *Id*. at 487. So we consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that cause[d] an injustice to the complaining party." *Id*. (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

The law office claimed that the delay in filing was due to a "calendaring error," and that such an error qualified for relief as "excusable neglect" under either 59.04 or 60.02. When a party seeks relief from a default judgment based upon "excusable neglect," we consider: (1) whether the default was willful; (2) whether the defaulting party has a meritorious claim or defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *Discover Bank*, 363 S.W.3d at 491.

2

Willfulness is the threshold inquiry "because willfulness and excusable neglect are inherently incompatible." *Maddux v. Bd. of Prof'l Responsibility of Supreme Court*, 409 S.W.3d 613, 623 (Tenn. 2013). If "the defaulting party has acted willfully, the judgment cannot be set aside on 'excusable neglect' grounds," and the other factors become unimportant. *Discover Bank*, 363 S.W.3d at 494.

As the party moving for relief, the law office bore the burden of establishing that its failure to comply with the local rule was not willful. *See Ferguson v. Brown*, 291 S.W.3d 381, 388 (Tenn. Ct. App. 2008); *see also Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978) ("Where the extraordinary relief provided in T.R.C.P. 60.02(1) is sought, the burden is upon movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect."). Here, the law office included the term "calendaring error" in its motion for relief, but it offered nothing further as to why or how the error occurred. A hearing was held on the law office's motion, but we do not know if proof was offered because no transcript has been provided.

Certainly, "the strong preference [is] for deciding cases on their merits." *Discover Bank*, 363 S.W.3d at 490 n.20. We still ascribe to the idea that "[j]udgments under Local Rule 20(b) dismissing a de novo appeal from the general sessions court, like default judgments or judgments of dismissal for failure to prosecute, are not favored." *Crom-Clark Tr. v. McDowell*, No. M2005-01097-COA-R3CV, 2006 WL 2737828, at *3 (Tenn. Ct. App. Sept. 25, 2006). And we acknowledge that "untimely filings or missed court dates *may* constitute excusable neglect when due to an attorney's carelessness or inattention." *Discover Bank*, 363 S.W.3d at 493 (emphasis added). But satisfying the movant's burden under Rule 59.04 requires more than an unverified motion stating that "[t]he one-week delay in filing the Motion to Set was due to a calendaring error at undersigned's office."

## III.

On this record, the trial court did not abuse its discretion in denying the law office's motion to set aside. So we affirm.

_____
W. NEAL McBRAYER, JUDGE