# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 10, 2013 Session

**KERYL FILLERS, as personal representative of the ESTATE OF JOHN J. CRAIG
v. DWIGHT A. COLLINS, ET. AL.**

**Appeal from the Chancery Court for Knox County
No. 1836152     Hon. Daryl R. Fansler, Chancellor**

**No. E2013-01210-COA-R3-CV-FILED-FEBRUARY 18, 2014**

This appeal involves Wife's attempt to set aside a judgment entered against her relating to her failure to fulfill seven promissory notes. The trial court granted Wife's motion to set aside, in part, affirming her liability for three of the seven notes but holding that Wife was not liable for the remaining notes. Wife appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Barry W. Eubanks, Seymour, Tennessee, for the appellant, Cindy J. Collins.

Dudley W. Taylor, Knoxville, Tennessee, for the appellee, Keryl Fillers, as personal representative of the Estate of John J. Craig.

## OPINION

## I. BACKGROUND

John J. Craig and Hazel I. Craig (collectively "Lenders") agreed to loan their nephew, Dwight A. Collins ("Husband"), and his wife, Cindy A. Collins ("Wife"), money on several different occasions from 1993 until 2011. Each time, Lenders required either Husband or Husband and Wife (collectively "Borrowers") to execute a promissory note evidencing the debt obligation. The amount loaned to Borrowers was as follows:

| Note | Signed by | Date | Principal | Amount Remaining |
|---|---|---|---|---|
| 1 | Borrowers | 11/22/1993 | $25,000 | $22,000 |
| 2 | Borrowers | 11/22/1993 | $10,000 | $10,000 |
| 3 | Borrowers | 1/31/1996 | $32,000 | $32,000 |
| 4 | Husband | 12/11/1998 | $10,000 | $5,000 |
| 5 | Husband | 1/23/2003 | $25,000 | $25,000 |
| 6 | Husband | 1/19/2006 | $10,000 | $10,000 |
| 7 | Husband | 8/24/2011 | $102,854.04 | $102,854.04 |
| | | | | |
| | | **TOTAL** | $214,854.04 | $206,854.04 |

Borrowers regularly made minimal payments, which were largely applied to the interest on each note.

On August 27, 2012, Lenders filed suit against Borrowers in an effort to recover on the promissory notes. Borrowers filed a motion to dismiss, claiming that Knox County was not the appropriate venue. Lenders objected and filed a motion for summary judgment. The court designated November 19, 2012, as the hearing date for Borrowers' motion to dismiss and for Lenders' motion for summary judgment. Having received no response, Lenders filed a motion to deem the statement of material facts admitted. Borrowers asserted that the motion was premature when a motion to dismiss was pending.

The trial court granted the motion for summary judgment because Borrowers failed to appear at the hearing date and still had yet to respond to the motion for summary judgment and attached statement of material facts. During the pendency of the action, Ms. Craig died, causing her interests to be transferred to Mr. Craig, who also subsequently died. Keryl Fillers, as personal representative of the estate of Mr. Craig ("the Estate"), sought an order of substitution to proceed on the Estate's behalf. The trial court granted the request.

Approximately three months after the final order was entered, Wife filed a motion to set aside the judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.[1] Wife asserted that her attorney of record "inadvertently failed" to respond to Lenders'

_____

[1]Husband did not contest the judgment and is not a party to this appeal.

motions and to attend the hearing because of "personal circumstances amounting to mistake, inadvertence, or excusable neglect, or in the alternative, good cause." Wife claimed that she had meritorious defenses to the claims and that Lenders would not be prejudiced if the judgment against her were set aside. Wife's attorney filed an affidavit in which he stated that he neglected to appear "due to personal circumstances in [his] life, including [his] own illness and death of a close relative."

Wife filed an affidavit in which she attested that she was not made aware of the hearing date. Regarding her meritorious defenses, Wife asserted that she was current with her interest payments relating to Notes 1 and 2, that the statute of limitations had expired on Note 3, and that she never received any payment from Note 3 because the note was "actually a replacement note for [Notes 1 and 2]." Relative to the remaining notes, she claimed that Husband created those obligations without her involvement.

The Estate, through Ms. Fillers, responded by asserting that Wife had failed to present a meritorious defense to the judgment and that the Estate would suffer significant prejudice if the judgment were set aside because Lenders were no longer available to testify. Ms. Fillers claimed that Note 3 was not a replacement note as evidenced by the fact that Wife remitted payments on Notes 1 and 2 after Note 3 was executed and by the fact that Wife also made interest payments on Note 3. She asserted that in January 2011, Husband acknowledged the additional obligation created by Note 3 with her and Lenders. She stated that Borrowers agreed that each note was a joint obligation and that Wife remitted interest payments on Notes 4 and 5. She noted that Wife was listed as a borrower on Note 7 and that Wife signed the check that was issued after Note 7 was executed. Relative to Wife's failure to appear, she said that the hearing date was initially scheduled for the court to hear Wife's own motion to dismiss.

Following a hearing, the trial court denied Wife's motion to set aside the judgment as it related to Notes 1 through 3 but granted the motion as it related to Notes 4 through 7. This timely appeal followed.

## II.  ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.  Whether the trial court should have analyzed the motion to set aside the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure.

B.  Whether the trial court erred in denying the motion to set aside the judgment as it related to Notes 1 through 3.

## III.  STANDARD OF REVIEW

We review a trial court's award or denial of relief pursuant to Rules 59.04 or 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008).  Unless the trial court abused its discretion, its ruling on such motions may not be reversed on appeal.  *Id.*  A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

Our review of the record is de novo with the presumption that the trial court's factual findings are correct.  We will honor those findings unless the evidence preponderates against them.  Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995).  The presumption of correctness does not attach to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

## IV.  DISCUSSION

### A.

Citing *Ferguson*, the Estate claims that Wife's motion to set aside the judgment should have been considered as a motion for relief under Rule 59.04 of the Tennessee Rules of Civil Procedure.  291 S.W.3d at 386-87.  "Rule 59.04 allows a party to seek relief from a judgment within thirty days after being entered; conversely, Rule 60.02 affords a party a means to seek relief from a final, non-appealable judgment." *Id.* at 387.  In this case, Rule 60.02 was the appropriate avenue for relief because the judgment at issue was a final, non-appealable judgment.

B.

Wife argues that the trial court erred by failing to set aside the judgment in its entirety. She claims that her failure to appear or to file a response to the motion for summary judgment was not willful, that she had meritorious defenses to each count in the complaint, and that the Estate would not be prejudiced if the judgment were set aside in its entirety. The Estate responds that Wife failed to present a meritorious defense to the remaining counts and that it would be prejudiced if the judgment were set aside in its entirety.

A final judgment may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [ ], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Wife argues that her failures to appear and to respond were due to "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02(1). "[W]e find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1)" because of the similarity between default judgments and the grant of a motion for summary judgment for failure to respond. *Henry*, 104 S.W.3d at 481. "When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits." *Id.* (analogizing a default judgment with a dismissal for failure to prosecute). Similarly, when an adverse party fails to respond to a motion for summary judgment, the motion may be granted without a hearing and without the benefit of opposing

affidavits. Tenn. R. Civ. Pro. 56.06. The factors at issue include: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. *Id.* (citing *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)).

By virtue of setting aside a portion of the judgment entered against Wife, the trial court necessarily found that Wife's failure to appear or to respond was not willful. While the Estate disagrees with the court's finding, neither party appeals the finding. Wife did not offer a defense to the judgment as it related to Notes 1 and 2 other than to assert that her interest payments were not properly reflected in the documentation provided to the court. Her defense to the judgment as it related to Note 3 was more comprehensive in that she claimed that Note 3 was a replacement note for Notes 1 and 2 and that the statute of limitations had expired. She said that she never "took any action" with respect to Note 3 but simply continued payment on Notes 1 and 2. A review of the record reveals that Note 3 does not reference the alleged "initial loans" represented by Notes 1 and 2. Moreover, Wife's defenses to each count would require extensive testimony to ascertain the extent of her payments, the validity of Note 3, and whether she ever acknowledged the debt represented by Note 3 to extend the statute of limitations. While some of the evidence could be gathered from bank statements and other records, the Estate is greatly prejudiced by the absence of Lenders, who possessed firsthand testimony concerning their interactions with Wife relating to the notes. Accordingly, we conclude that Wife failed to demonstrate a ground for relief pursuant to Rule 60.02(1).

Wife also claims that she is entitled to relief pursuant to Rule 60.02(5). "Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Lethcoe*, 18 S.W.3d at 624. Such is not the case here. With these considerations in mind, we hold that the trial court did not abuse its discretion by refusing to set aside the entirety of the judgment against Wife.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Cindy J. Collins.

_____
JOHN W. McCLARTY, JUDGE