IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2016 Session

## IN RE LANDON T. G., ET AL.[1]

**Appeal from the Chancery Court for Hamblen County**
**No. 2014CV441      Hon. Douglas T. Jenkins, Chancellor**

---

**No. E2015-01281-COA-R3-PT-FILED-MARCH 9, 2016**

---

This appeal concerns a mother's petition to set aside an order terminating her parental rights and permitting the adoption of her minor children. The mother alleged that the order is void for lack of personal jurisdiction because service of process was ineffective. The trial court denied the petition. The mother appeals. We hold that the order is void for lack of personal jurisdiction. We reverse the judgment of the trial court and remand this case for further hearing to determine whether exceptional circumstances justify the denial of relief in accordance with *Turner v. Turner*, 473 S.W.3d 257 (Tenn. 2015).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, Shana B. M.

Daniel G. Boyd, Rogersville, Tennessee, for the appellees, Brant L. G. and Christy E. G.

---

[1] This court has a policy of protecting the identity of children in parental rights termination cases by initializing the last name of the parties.

## OPINION

## I.     BACKGROUND

Landon T. G. and Elliott L. G. (collectively "the Children") were born to Shana B. M. ("Mother") and Brant L. G. ("Father") in July 2004 and July 2005, respectively. Mother and Father were divorced by order of the court on May 25, 2006. Approximately three years later, Father married Christy E. G. ("Stepmother").[2]

Father later filed a petition for emergency custody of the Children based upon allegations of Mother's substance abuse. He was granted legal and physical custody of the Children by order, entered on January 3, 2011. Following Mother's completion of an intensive outpatient substance abuse program, she requested visitation with the Children. The parties agreed to a graduated supervised visitation schedule, set to begin on May 27, 2011. However, Mother only exercised her right to visitation on a few occasions. Mother also failed to appear for a voluntary hair follicle drug test on June 28, 2011.

On July 18, 2011, Father and Stepmother ("Respondents") filed a petition for adoption and to terminate Mother's parental rights based upon the statutory grounds of abandonment for failure to visit and failure to support the Children. *See* Tenn. Code Ann. § 36-1-102(1)(A)(i).[3] Respondents alleged that Mother had no permanent residential address and had been consistently unemployed due to her substance abuse. Despite these allegations, service of process was attempted by certified mail. On August 12, 2011, the return receipt was stamped received with the following notations: "Return to Sender", "Unclaimed", Unable to Forward". That same day, the Clerk and Master of the Chancery Court for Hamblen County signed and filed the following public notice:

## PUBLIC NOTICE

To: [Shana B. M.]

It appearing from the complaint filed in this case, which is sworn to, that you are not to be located so that ordinary Summons cannot be served upon you; you are therefore commanded to serve on [Respondent's attorney], an answer to the complaint filed against you in this cause within 30 days from

---

[2] We recognize that Christy G. is the legal mother of the Children as a result of the adoption proceedings. In an effort to avoid confusion, we will refer to her as "Stepmother" for purposes of this appeal.

[3] "For a period of [four] consecutive months immediately preceding the filing of a . . . pleading to terminate the parental rights of the parent . . . of the child who is the subject of the petition for termination of parental rights or adoption, that the parent . . . either [has] willfully failed to visit or [has] willfully failed to support or [has] willfully failed to make reasonable payments toward the support of the child[.]"

the posting of this Notice as required by law; otherwise Judgment by Default will be taken against you.

It is further ordered that this Notice be posted in three public places for four consecutive weeks.

The notice was posted in the following locations: the Clerk and Master's office in the Hamblen County Courthouse; the front door of the Hamblen County Justice Center; and the Public Notice Board located in the lobby of the Morristown City Courthouse.

Having received no response from Mother, Respondents filed a motion for default judgment on September 21, 2011. The motion was supported by two affidavits, one providing that service of process had been attempted by certified mail and another providing that constructive notice by publication had been utilized by posting public notice in three public places. On September 29, 2011, the court entered a final order of adoption, terminating Mother's parental rights and permitting the adoption of the Children based upon the statutory grounds of abandonment for failure to visit and to support the Children. The order provided that service of process had been attempted at Mother's last known addresses "based on a document received from [Mother's] employer and brother on June 3, 2011" and that a public notice had also been issued. The order provided that Respondents had not been in contact with Mother since the filing, that an appearance had not been made by counsel representing her, and that Respondents filed an affidavit of reasonable and diligent efforts documenting their attempt to locate her.[4]

Approximately three years later, on October 1, 2014, Mother filed a petition to set aside the order terminating her parental rights and permitting the Children's adoption. She argued that the order is void for lack of personal jurisdiction. Respondents alleged that personal jurisdiction was accomplished by the initial service of process provided at Mother's last known address pursuant to Rule 4.04(11).[5] They asserted that although not required, they also provided constructive service of process by posting notice in three public places. In the alternative, they claimed that the petition should be dismissed as barred by the one-year statute of repose applicable in termination proceedings. *See* Tenn. Code Ann. §§ 36-1-113(q), -122(b)(2). They also asserted that Mother had not filed her

---

[4] The record before this court does not contain an affidavit of reasonable and diligent efforts.

[5] "When service of a [process] is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of [process]. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery."

petition within a reasonable time pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

Mother responded by asserting that she was not provided with proper notice because she had not been personally served. She claimed that the attempt at constructive service was ineffective because Respondents had failed to file a motion requesting constructive service by publication with an accompanying affidavit detailing the diligent efforts they had made to locate her, as required by Tennessee Code Annotated section 36-1-117(m)(3).[6] She further alleged that publication in three public places instead of in a newspaper was insufficient. She asserted that her petition was not barred because the judgment is void for lack of personal jurisdiction.

Following a hearing, the trial court denied the petition and upheld the orders by stating, in pertinent part, as follows:

> A Petition to Terminate Parental Rights of [Mother] was filed on July 18, 2011 in Hamblen County, Tennessee. Service on [Mother] was not accomplished by personally handing the summons to [Mother]. The summons was sent to [Mother] via Certified Mail and the same was returned as "unclaimed" on August 12, 2011. [Respondents] then filed an affidavit stating that they were unable to locate [Mother] on August 17, 2011. The [c]ourt subsequently entered an Order permitting [Respondents] to serve [Mother] by posting notice in three public locations. . . . The [c]ourt concedes that public notice may not be a proper form of publication in a termination proceeding. However, the [c]ourt finds that under the circumstances of this particular case, the notice afforded to [Mother] by [Respondents] was sufficient to give the [c]ourt jurisdiction of [Mother].

> The [c]ourt finds that the applicable statute of repose for questioning an adoption proceeding was pled affirmatively by [Respondents]. The [c]ourt finds that the applicable statute of repose bars any question as to the validity of the adoption proceeding at issue.

This timely appeal followed.

---

[6] "Any motion for an order for publication in these proceedings shall be accompanied by an affidavit of the petitioners or their legal counsel attesting, in detail, to all efforts to determine the identity and whereabouts of the parties against whom substituted service is sought."

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.      Whether the trial court erred in concluding that the order terminating Mother's parental rights and permitting the adoption of the Children is not void for lack of personal jurisdiction.

B.      Whether the trial court erred in further concluding that Mother's appeal is barred as untimely.

## III. STANDARD OF REVIEW

A trial court's award or denial of relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure is generally reviewed under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). However, our Supreme Court recently held that a Rule 60.02(3) motion to set aside a judgment as void must be reviewed under a de novo standard of review with no presumption of correctness. *Turner*, 473 S.W.3d at 268-69. The Court further determined that "[a]ny factual findings a trial court makes shall be reviewed de novo, with a presumption of correctness, unless the evidence preponderates otherwise." *Id.* (citing Tenn. R. App. P. 13(d)).

## IV. DISCUSSION

### A.

A final judgment may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [ ], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a

reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.,* 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.,* 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.,* 810 S.W.2d 145, 146 (Tenn. 1991).

Mother argues that the court erred in denying her motion to set aside the order when Respondents failed to provide adequate service by mail or comply with the statutory requirements for constructive service by publication, thereby rendering the order void for lack of personal jurisdiction. During the pendency of this appeal, the Supreme Court addressed the issue of whether a default judgment terminating a mother's parental rights was void when service of process had not been accomplished in accordance with statutory requirements and therefore failed to provide the court with personal jurisdiction. *Turner*, 473 S.W.3d at 270. The Court provided that "[a] judgment rendered by a court lacking either personal or subject matter jurisdiction is void." *Id.* (citations omitted). The Court further provided,

> Nevertheless, a judgment of a court of general jurisdiction is presumed to be valid and will be held void only when its invalidity is disclosed by the face of that judgment, or in the record of the case in which that judgment was rendered.

*Id.* (citations omitted). Accordingly, our review of whether the court obtained personal jurisdiction must be limited to the record before this court. *Id.* at 275.

"A court obtains personal jurisdiction over a party defendant by service of process." *Id.* at 271 (citations omitted). In this case, the court found that it obtained personal jurisdiction over Mother through service of process by certified mail and through constructive service by publication.

### Service by Certified Mail

"Service of process in termination of parental rights cases in chancery and circuit courts is accomplished pursuant to the Tennessee Rules of Civil Procedure and state statutes." *Id.* at 274 (citing Tenn. Code Ann. §§ 36-1-113(e), -117(m)(1)). Service of process by certified mail is governed by Rules 4.04(10) and (11) of the Tennessee Rules of Civil Procedure, which provide as follows:

- 6 -

(10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). *Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.* If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

(11) When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

(Emphasis added.).

Here, the return receipt provided the following notation,

Return to Sender
Unclaimed
Unable to Forward

While the return receipt may be deemed an actual and valid service of process, service by mail without a return receipt showing personal acceptance cannot support the court's entry of a default judgment pursuant to Rule 4.04(10) of the Tennessee Rules of Civil

Procedure which specifically states, "service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute."

Accordingly, we must conclude that the order entered in this case is void for lack of personal jurisdiction unless the trial court acquired personal jurisdiction over Mother through constructive service by publication.

Service by Publication

Constructive service by publication is permitted when a defendant's residence is unknown and cannot be ascertained by diligent inquiry. Tenn. Code Ann. § 21-1-203(a)(5). Service by publication is governed by Tennessee Code Annotated section 21-1-204, which provides, in pertinent part, as follows:

> (a)      In case personal service is not used, if the defendant does not cause an appearance to be entered, the clerk, as soon as the necessary affidavit is made, shall enter upon the rule docket an order requiring the defendant to appear at a certain day named in the order, being a rule day, and defend, or otherwise the bill will be taken for confessed.
>
> (b)      The clerk shall forthwith cause a copy of this order to be published for four (4) consecutive weeks in the newspaper mentioned in the order *or designated by the general rules of the court*.
>
> (c)      The order for publication in lieu of personal service may be made at any time after the filing of the bill. The order of publication should contain the names of the parties, the style of the court in which the proceedings are had and the name of the place where the court is held, without any brief or abstract of facts, unless directed by the court.

(Emphasis added.). Additionally, in termination proceedings,

> [a]ny motion for an order for publication in these proceedings shall be accompanied by an affidavit of the petitioners or their legal counsel attesting, in detail, to all efforts to determine the identity and whereabouts of the parties against whom substituted service is sought.

Tenn. Code Ann. § 36-1-117(m)(3).

Here, Respondents claim that the constructive service by publication was valid because it was published in three public places pursuant to the general rules of the court. While constructive service by publication may be accomplished pursuant to the general rules of the court, the record before this court does not contain a motion requesting service by publication or an affidavit "attesting, in detail, to all efforts to determine the identity and whereabouts of the parties against whom substituted service is sought." Tenn. Code Ann. § 36-1-117(m)(3); *see also Turner*, 473 S.W.3d at 275 ("[W]hen determining whether a judgment is void, a court must confine its review to the record of the proceeding from which the judgment emanated.").

The record before this court contains two affidavits, one attesting that service by mail was unsuccessful and another attesting that service by publication was unsuccessful. These affidavits were filed in support of the motion for default judgment and are facially insufficient to satisfy the statutory requirements because the affidavits do not contain a detailed description of any diligent inquiries or efforts made to locate Mother or her residence. *Id.* (holding that a similar affidavit filed in support of a motion for default judgment was facially insufficient). Accordingly, the order of default judgment terminating Mother's parental rights is void for lack of personal jurisdiction.

B.

Having determined that the order is void for lack of jurisdiction, we must now consider whether Mother is entitled to relief when she sought relief approximately three years after entry of the order.[7] Rule 60.02 of the Tennessee Rules of Civil Procedure provides that any motion for relief "shall be made within a reasonable time." In *Turner*, the Supreme Court addressed the applicability of the reasonable time filing requirements to a motion seeking relief from a void judgment pursuant to Rule 60.02(3). The Court held that a default judgment terminating a mother's parental rights was void for lack of personal jurisdiction because the constructive service by publication was ineffective for failure to comply with the statutory requirements. *Id.* at 274-75. In determining whether the mother was entitled to relief, the Court held, as a matter of first impression, that the reasonable time filing requirements may not be applied to bar motions seeking relief from void judgments pursuant to Rule 60.02(3) but that relief may still be denied if certain exceptional circumstances exist. *Id.* at 279.

The Court adopted section 66 of the Restatement (Second) of Judgments as the appropriate standard to consider in determining whether exceptional circumstances exist. *Id.* at 282-83. The standard is as follows:

---

[7] The trial court held that the applicable statute of repose also barred relief from the judgment. Respondents do not advance this argument in their appellate brief.

- 9 -

Relief from a default judgment on the ground that the judgment is invalid will be denied if:

> (1)    The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and

> (2)    Granting the relief would impair another person's substantial interest of reliance on the judgment.

Restatement (Second) of Judgments § 66 (1982).  The record in this case has not been sufficiently developed for this court to determine whether exceptional circumstances justify the denial of relief.

### Remand for Exceptional Circumstances Hearing

Accordingly, we remand this case to the trial court for a hearing to determine whether the exceptional circumstances defined by section 66 as adopted by our Supreme Court in *Turner* justifies denying Mother relief from the void judgment terminating her parental rights.  This hearing will afford the parties an opportunity to be heard and to present proof relevant to the exceptional circumstances and the trial court will determine whether exceptional circumstances justify denying Mother relief in this case.

## V.    CONCLUSION

This judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.  Costs of the appeal are taxed one-half to the appellant, Shana B. M., and one-half to the appellees, Brant L. G. and Christy E. G., for which execution may issue, if necessary.

_____
JOHN W. McCLARTY, JUDGE