IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2025

IN RE ESTATE OF DAVID ALAN BEDDINGFIELD

**Appeal from the Chancery Court for Lincoln County**
**No. 15826     J. B. Cox, Chancellor**

_____

**No. M2024-00598-COA-R3-CV**
_____

This appeal arises from an order requiring a petitioner to pay a filing fee or face dismissal of his case. Because the order is not final, we lack subject matter jurisdiction and must dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Christopher Paul Beddingfield, Model, Colorado, pro se appellant.

Nicholas W. Utter, Fayetteville, Tennessee, for the appellee, Teresa Annette Higgs, as Executrix for the Estate of David Alan Beddingfield.

**OPINION**

**I.**

Acting pro se, Christopher Paul Beddingfield petitioned to contest his late father's will. According to Mr. Beddingfield, the will offered for probate was the "polar opposite" of his father's wishes. And Mr. Beddingfield believed that the will might have been procured by undue influence. Because Mr. Beddingfield was incarcerated in the state of Colorado, he asked the court to allow him to proceed with his petition without prepayment of filing fees.

Upon receipt of the petition, the court ordered Mr. Beddingfield to comply with statutory requirements imposed on "inmates" who file civil lawsuits in Tennessee.[1] Those requirements included filing an affidavit listing previous cases filed and paying an initial partial filing fee. Tenn. Code Ann. §§ 41-21-805, -807(b) (2019). The court also required him to provide addressed summonses and extra copies for service. The order warned that failure to comply within thirty days would result in the dismissal of Mr. Beddingfield's case:

---

### ORDER

The plaintiff/petitioner is an inmate in a penal institution who has filed a civil action. However, the plaintiff/petitioner must comply with the requirements of T.C.A. 41-21-801, et seq., as amended, concerning civil lawsuits filed by inmates. The plaintiff/petitioner has not complied with the requirements of Tennessee law by:

_____ Failing to submit filing fees or in the alternative, failing to allege and/or file an Affidavit of Indigency.

✓ Failing to file, by affidavit, the complete information required by T.C.A. 41-21-805, as amended.

_____ Failing to provide a current certified copy of your inmate trust account statement obtained from the appropriate official of each facility where you are now or have been confined for the six-month period immediately preceding the filing date of the petition.

✓ Failing to file and pay the partial payment of the filing fee, as required by T.C.A. 41-21-807, as amended.

✓ Failing to provide an original summons for each defendant with a complete address for service, along with a copy of the summons for each defendant.

✓ Failing to provide a copy of the complaint or petition and all exhibits attached to the complaint or petition for service on each named defendant.

The plaintiff/petitioner shall have thirty (30) days from the date of this Order to comply with all of the requirements marked and listed above or the case will be Dismissed.

---

[1] An "inmate" is statutorily defined as "a person housed in a facility operated by the [Tennessee] [D]epartment [of Correction], housed in a county jail or housed in a correctional facility operated by a private corporation pursuant to a contract with the state or local government." Tenn. Code Ann. § 41-21-801(4) (2019).

2

Mr. Beddingfield responded by sending "a money order for the $30.00 filing fee." In the mistaken belief that this was the total filing fee, Mr. Beddingfield contended that the payment obviated the need for an affidavit listing previous cases filed or payment of a partial filing fee. He also submitted an "affidavit of compliance," explaining that he had enclosed the necessary summonses and copies of his petition.

Despite the response, the court dismissed Mr. Beddingfield's case. It found that he had not timely complied with its previous order:

---

**ORDER OF DISMISSAL**

In this cause, more than thirty (30) days have elapsed since the entry of an Order stating that the plaintiff/petitioner, who is pro-se, must comply with the requirements of T.C.A. § 41-21-801, et seq., as amended, concerning civil lawsuits filed by inmates. It appearing to the Court that the plaintiff/petitioner has not complied with the requirements of Tennessee law by:

_____ Failing to submit filing fees and/or an Affidavit of Indigency.

✓ Failing to file an affidavit as required by T.C.A. § 41-21-805.

_____ Failing to provide a current certified copy of your inmate trust account for the immediate 6-month period preceding the filing date of the petition.

✓ Failing to file and pay the partial payment of the filing fee pursuant to T.C.A. 41-21-807, as amended.

✓ Failing to provide an original summons, with a current address, for each Defendant.

✓ Failing to provide a copy of the petition for each named defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that this case is hereby dismissed. The court cost and filing fee are to be paid by the plaintiff/petitioner, for which execution and a distress warrant may issue, or action may be taken against the trust fund account of the plaintiff-petitioner, in accordance with T.C.A.§ 41-21-801, et seq., as amended.

---

The court clerk mailed the order of dismissal to Mr. Beddingfield accompanied by a letter explaining that the cost to file a will contest was $381.50, not $30.00.

Mr. Beddingfield then filed a document titled "Request to File Petition Out of Time for Good Cause Shown." He explained the unique obstacles he faced as an inmate in an out-of-state facility. And he sought "additional time to fully come into compliance" with the court's prior order.

The court issued another order finding only that Mr. Beddingfield had "fail[ed] to file and pay the partial payment of the filing fee, as required by T.C.A. 41-21-807." It again required Mr. Beddingfield to comply within thirty days or his case would be dismissed:

3

ORDER

The plaintiff/petitioner is an inmate in a penal institution who has filed a request to file a petition out of time for good cause shown. However, the plaintiff/petitioner must comply with the requirements of T.C.A. 41-21-801, et seq., as amended, concerning civil lawsuits filed by inmates. The plaintiff/petitioner has not complied with the requirements of Tennessee law by:

_____ Failing to submit filing fees or in the alternative, failing to allege and/or file an Affidavit of Indigency.

_____ Failing to file, by affidavit, the complete information required by T.C.A. 41-21-805, as amended.

_____ Failing to provide a current certified copy of your inmate trust account statement obtained from the appropriate official of each facility where you are now or have been confined for the six-month period immediately preceding the filing date of the petition.

__x__ Failing to file and pay the partial payment of the filing fee, as required by T.C.A. 41-21-807, as amended.

_____ Failing to provide an original summons for each defendant with a complete address for service, along with a copy of the summons for each defendant.

_____ Failing to provide a copy of the complaint or petition and all exhibits attached to the complaint or petition for service on each named defendant.

The plaintiff/petitioner shall have thirty (30) days from the date of this Order to comply with all of the requirements marked and listed above as well as resubmitting the Petition, summons and copies of each for the respondent, along with affidavits and statements that are required under T.C.A. 41-21-801, et seq. or the case will be dismissed.

## II.

Mr. Beddingfield appeals.[2] Specifically, he faults the court for finding that he failed to make a partial payment of the filing fee under Tennessee Code Annotated § 41-21-807 despite his payment of $30.00. If the payment was an insufficient partial payment, he submits the court should have set the required amount. *See Washington v. Parker*, No. M2021-00583-COA-R3-CV, 2022 WL 1447941, at *5 (Tenn. Ct. App. May 9, 2022)

---

[2] Tennessee Code Annotated § 41-21-807 also applies to this Court. *See* Tenn. Code Ann. § 41-21-807(b). But, because Mr. Beddingfield is incarcerated outside of the State of Tennessee, we permitted our clerk to accept Mr. Beddingfield's appeal and granted his request to proceed as an indigent person on appeal. *See id.* § 41-21-801(4) (defining which inmates are covered by Chapter 21, Part 8 of the Tennessee Code).

(collecting cases in which "courts have entered court orders assessing the initial partial filing fee and instructing the inmate to pay the partial fee prior to dismissing his or her action for failure to pay").

Teresa Annette Higgs, the executrix of the estate of Mr. Beddingfield's father, submits that the appeal is untimely. Mr. Beddingfield filed his notice of appeal more than thirty days after the trial court's order of dismissal. And, even if the appeal was timely, Ms. Higgs submits the court properly dismissed Mr. Beddingfield's case.

A.

For this Court to have jurisdiction to decide an appeal, a notice of appeal must be filed "within thirty days after the date of entry of the judgment appealed from." TENN. R. APP. P. 3(e), 4(a); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003) *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The thirty-day period may be extended by the timely filing of certain post-trial motions, such as a motion "under [Tennessee] Rule [of Civil Procedure] 59.04 to alter or amend the judgment." TENN. R. APP. P 4(b); *see also* TENN. R. CIV. P. 59.01 (listing a motion to alter or amend as among the "motions contemplated in these rules for extending the time for taking steps in the regular appellate process"). If the motion to alter or amend is timely filed, it "toll[s] commencement of the thirty-day period until an order granting or denying the motion is entered." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see* TENN. R. APP. P. 4. Such a motion is timely when it has been filed within thirty days after entry of the judgment. TENN. R. CIV. P. 59.04.

Here, Mr. Beddingfield's "Request to File Petition Out of Time for Good Cause Shown" appears to have been placed in the mail within thirty days of the trial court's order of dismissal. *See* TENN. R. CIV. P. 5.06 (providing that "[i]f papers . . . are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility . . . filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing"). In his request, as noted above, he asked for "additional time to fully come into compliance." He also requested that the court specify a "partial filing fee amount required prior to the application of the $30 money order the court already received." The court responded to the request with another order setting a new deadline for paying the filing fee.

When it comes to motions, or pleadings for that matter, "courts are not bound by titles." *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008). Instead, courts "give effect to the substance of the motion according to the relief sought." *Id.* Under the circumstances and given that Mr. Beddingfield is self-represented, we take his "Request to File Petition Out of Time for Good Cause Shown" as a motion to alter or amend the trial court's order of dismissal. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (recognizing that "courts . . . should give effect to the substance, rather than the form or

5

terminology, of a pro se litigant's papers"). Because his motion to alter or amend was timely, the time for filing a notice of appeal was tolled until entry of the court's order setting a new deadline for payment of the filing fees. Mr. Beddingfield's notice of appeal was mailed from the correctional facility within thirty days of this order. *See* TENN. R. APP. P. 20(g) (providing that "[i]f papers . . . filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing").

## B.

Although Mr. Beddingfield filed a timely notice of appeal, this does not end the subject matter jurisdiction inquiry. *See Utopia Place, LLC v. E. Props., Inc.-Bellevue*, No. M2014-02196-COA-R3-CV, 2016 WL 4005927, at *3 (Tenn. Ct. App. July 20, 2016) (recognizing an appellate court's subject matter jurisdiction depends on ascertaining both when the judgment was entered and whether it was final). Under Tennessee Rule of Appellate Procedure 3(a), an appeal "as of right" only lies from a final judgment. TENN. R. APP. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). Generally, a final judgment "resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). An order that resolves fewer than all the claims between all the parties is not a final judgment. Tenn. R. App. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d at 645.

Here, the order that Mr. Beddingfield appeals from is not a final judgment. The order resolves no claims. It only imposes a new deadline for Mr. Beddingfield to pay the filing fee. There is still work for the trial court to do. So the order is not appealable as of right. *See* TENN. R. APP. P. 3(a).

## III.

This appeal is dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE